IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) No. 1:18-cv-00111 HG-RLP ) ) ORDER DENYING IN FORMA |
| Plaintiff, | ) PAUPERIS APPLICATION AND ) DISMISSING ACTION |
| vs. | ) ) |
| DR. MICHAEL HEGGMAN, M.D., GARCIA LABORATORIES, INC., JACKSON, MICHIGAN, NWMRMC, MISSISSIPPI CONTRACTORS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

Before the Court is pro se Plaintiff Francis Grandinetti's civil rights Complaint and "Indigent Status Inmate Request," which is construed as a request to proceed in forma pauperis. Grandinetti is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. He complains that Defendant Dr. Heggman reran lab results from November 2005 by sending them to a lab in Michigan. It is

1

unclear whether these are Grandinetti's lab results. Grandinetti's exhibits attached to the Complaint reveal that he refuses to be seen by medical providers.

Grandinetti's request to proceed in forma pauperis is DENIED and this action is DISMISSED without prejudice.

## I. <u>28 U.S.C. § 1915(g)</u>

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action in federal court without first paying the filing fee if three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted.

Grandinetti has accrued many more than three strikes pursuant to 28 U.S.C. § 1915(g),[1] has been notified of these strikes numerous times, and may not proceed without concurrent payment of the civil filing fee unless he plausibly alleges that he is in imminent

---

[1] *See, e.g., Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LEK (D. Haw. 2005).

2

danger of serious physical injury.  *See* PACER Case Locator, http://pacer.psc.uscourts.gov (last visited Mar. 27, 2017); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike").

The only exception to § 1915(g)'s three-strikes bar is if the pleadings show that plaintiff was in imminent danger of serious physical injury when he filed the complaint.  28 U.S.C. § 1915(g).  Grandinetti may not proceed in forma pauperis unless his "complaint makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing" his Complaint.  *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

The Court has carefully reviewed Grandinetti's Complaint and its exhibits.  Nothing within these documents supports a finding that Grandinetti was in imminent danger of serious physical injury when he commenced this action.  Moreover, if he is in such

danger, Grandinetti should file his claims in the U.S. District Court for the District of Arizona, where he is incarcerated and where his claims allegedly occurred. See 28 U.S.C. § 1391. He may not proceed in forma pauperis in this action.

## II. CONCLUSION

Grandinetti's request to proceed in forma pauperis is DENIED and this action is DISMISSED without prejudice to Grandinetti raising his claims in a new action in the District of Arizona with concurrent payment of the filing fee. The Clerk is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 3, 2018.

Helen Gillmor
United States District Judge

*Grandinetti v. Dr. Heggman, et al.*, 1:18-cv-00111 HG-RLP; 3 stks 2018 (no dng no osc); **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

4